UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WAYNE M. REAVIS                                CIVIL ACTION

VERSUS                                         NUMBER: 12-02261

JAMES LEBLANC, SECRETARY                       SECTION: "N"(5)
OF LA. DOC, ET AL.

**REPORT AND RECOMMENDATION**

Utilizing the standardized form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, pro se plaintiff, Wayne M. Reavis, has initiated the above-captioned matter in forma pauperis against defendants, James LeBlanc, Secretary of and the Louisiana Department of Corrections and the Louisiana Department of Probation and Parole.

Plaintiff is an inmate of the St. Tammany Parish Jail ("STPJ"), Covington, Louisiana. He indicates on the face of his complaint that he was most recently arrested on an unspecified charge(s) on April 17, 2012, having previously been convicted of unidentified crimes on December 22, 2005, March 2, 2009, and

December 6, 2010. In the above-captioned complaint, plaintiff alleges that the named defendants have miscalculated his release date by failing to give him proper credits for diminution of sentence, for time served on parole, and for time served while in actual custody. Plaintiff seeks an immediate release from custody, compensatory and punitive damages, and attorney's fees.

Initially, the Court is required to examine plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state court conviction or confinement. When a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of habeas corpus even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983. Caldwell v. Line, 676 F.2d 494 (5th Cir. 1982); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Johnson v. Hardy, 601 F.2d 172 (5th Cir. 1979). Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state court remedies is required, a requirement that applies to both pre-trial and post-conviction habeas proceedings. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827 (1973); Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct. 352 (1987). The exhaustion requirement is satisfied only where a

prisoner's grounds for federal habeas corpus relief were previously presented to the state's highest court in a procedurally proper fashion. Knox v. Butler, 884 F.2d 849, 852 n.7 (5th Cir. 1989), cert. denied, 494 U.S. 1088, 110 S.Ct. 1828 (1990); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

Plaintiff's complaint regarding the correctness of his release date amounts to a challenge to the fact and duration of his confinement which cannot be addressed until he has exhausted the remedies that are available to him in the state court system.[1]/ In that regard, Reavis indicates on the face of his complaint, in answer to Question I(A) of the pre-printed §1983 complaint form, that he has not initiated any other lawsuits in state or federal court dealing with the same facts that are involved in this action or otherwise relating to his imprisonment. Accordingly, insofar as the instant matter can be construed as a request for habeas corpus relief, it should be dismissed without prejudice to allow Reavis to exhaust available state court remedies.

The Court must now determine whether any viable §1983 claims are raised by plaintiff's complaint. It is axiomatic that §1983

---

[1]/ Louisiana law provides that venue for state court actions contesting computations of sentence, discharge, and good time dates or any action concerning parole shall be in the Nineteenth Judicial District court for the Parish of East Baton Rouge. LSA-R.S. 15:571.15 and R.S. 15:574.2(B)(2).

provides a cause of action to individuals whose constitutional rights have been violated by a "person" acting under color of state law. Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908 (1981), overruled on other grounds, Daniels V. Williams, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986). However, neither states, their subdivisions, or state officials acting in their official capacities are considered to be "persons" within the meaning of §1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304 (1989); Anderson v. Phelps, 655 F.Supp. 560, 563-64 (M.D. La. 1985). Accordingly, it will be recommended that plaintiff's §1983 claims be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) as lacking an arguable basis in law and fact. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that plaintiff's §1983 claims be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this <u>18th</u> day of <u>September</u>, 2012.

_____<br>
ALMA L. CHASEZ<br>
UNITED STATES MAGISTRATE JUDGE